IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION



| | | |
|---|---|---|
| GEORGE KENNETH SCHOPP, Pro Se | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO.: 4:16-CV-00128 |
| FORA FINANCIAL HOLDINGS, LLC. | § | |
| Defendant | § | |

## Plaintiffs' Motion to Remand and Brief in Support

TO THE HONORABLE JUDGE OF THE COURT:

I, the plaintiff, George Kenneth Schopp, Pro Se, request that the court to remand the above referenced case back to the court in which it was removed, Justice of the Peace Court, Precinct 3, Denton Count Texas, Case #S16-14J3.

### Background

This case involves Telephone Consumers Protection Act (TCPA) as in where the plaintiff alleges violations of unsolicited telemarketing calls by the defendant and its representatives. The case was filed in small claims in the amount of $8500 seeking statutory damages. 47 USC §227 (b) (3) & (c)(5) state: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State..." Plaintiffs' choice of jurisdiction was the Justice of the Peace Court, Precinct 3, Denton County, Texas.

### In support of the Motion

1. TCPA was purposely crafted by the US Congress to grant the right of private action and to include state courts, including small claims courts, 47-USC 227 (b)(3)& (c)(5). Congress did so to ensure that plaintiffs' were not denied the right to recover damages and assume the financial burdens of higher court filing fees and the cost of legal representation required in higher courts.

1

2. The following remarks were made by U S Senator Hollings of the 137th Congress in regards to TCPA and are part of the congressional record—

"Small claims court or a similar court would allow the consumer to appear before the court without an attorney. The amount of damages in this legislation is set to be fair to both the consumer and the telemarketer. However, it would defeat the purposes of the bill if the attorneys' costs to consumers of bringing an action were greater than the potential damages." (Remarks of Sen. Hollings, 137 Cong. Rec. 30821-30822 (1991).

3. TCPA cases are commonly heard in small claims courts throughout the US.

4. The state and federal courts have concurrent jurisdiction over claims TCPA claims. Bailey v. Domino's Pizza, LLC, 867 F.Supp2d 835, 836-37 (ED La. 2012). So, based upon the clear language of 47 USC § 227(b)(3) & (c) (5), the Legislature has determined that as far as TPCA claims are concerned, state courts and federal district are of coordinate jurisdiction just as one federal district court is of equal standing with another. See, Texas Instruments, Inc. v. Micron Semiconductor, Inc., 815 F.Supp. 997 (ED Tex. 1993). Plaintiff asserts incases under the TPCA, where the Legislature has granted concurrent jurisdiction to the state courts, the federal courts should exercise due care to avoid interference with the state court's jurisdiction.

5. Under the first to file rule Plaintiffs' choice of forum in the state court should be given priority and the case should be remanded to Justice of the Peace Court, Precinct 3, Denton County, Texas. Such an interpretation of 47 USC 227 (b)(3 &(c)(5) gives full effect to the express language of the statute and the Legislative intent behind the grant of authority to the state courts. The alternative to deprive Plaintiffs of their day in court simply because the costs of litigation and need to hire an attorney exceed the statutory remedy. To allow the Defendant to avoid liability simply by seeking removal, guts the consumer protection statute and runs contrary to it intended purpose.

I respectfully request the court to remand the case back to Justice of the Peace Court, Precinct 3, Denton County, Texas.

George Kenneth Schopp

*[signature]*

1404 Springaire Lane, Lewisville TX 75077

469-358-1358

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded by first class mail [ or, delivered in person ] to each attorney/party of record on this date : _____2-25-16_____.

_____
Signature of Party