IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GEORGE KENNETH SCHOPP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:16-CV-00128 |
| | § | |
| FORA FINANCIAL HOLDINGS, LLC, | § | |
| | § | |
| Defendant. | § | |

**Defendant FORA Financial Holdings, LLC's Response to Plaintiff's Motion to Remand**

TO THE HONORABLE JUDGE OF THE COURT:

Defendant FORA Financial Holdings, LLC ("FORA") hereby submits this Response to Plaintiff's Motion to Remand [Dkt. 7] as follows:

**I. Preliminary Statement**

Plaintiff's Motion to Remand provides no requirement that this case be remanded to state court. Further, Plaintiff does not, and cannot, point to any ground in Fora's Notice which is defective or improper. This Court has jurisdiction over the case and, procedurally, the Notice of Removal was proper.

Plaintiff correctly notes that the state and federal courts have concurrent jurisdiction over this matter, but provides no authority that concurrent jurisdiction somehow requires the case to be remanded. Such a requirement would in fact destroy the concept of concurrent jurisdiction.

Plaintiff also claims that by allowing the case to remain in federal court, he will have to pay higher filing fees and will be required to retain an attorney. Neither of the allegations is correct. Defendant, not Plaintiff, paid the filing fee for this case when it removed the matter from state to

federal court. Even if there are fees to be paid, if they are a burden on Plaintiff, he can request that those fees be waived. Further, there is no requirement that Plaintiff must retain counsel simply because the case is pending in federal court instead of state court.

Plaintiff's third argument appears to be guided by the 'first to file' rule. That rule is inapplicable. The parties were not 'racing to the courthouse' to determine who would file suit first and have their preferred venue. The present case is one in which only Plaintiff is asserting affirmative claims, and does not implicate the 'first to file' rule.

Plaintiff makes no argument that Defendant's Notice of Removal was deficient in any manner or was untimely. Therefore, his Motion should be denied.

## II. Background Facts

Plaintiff filed his Petition in state court on January 28, 2016.[1] Defendant was served with citation on February 5, 2016.[2] Defendant initially filed its Notice of Removal on February 18, 2016.[3] Based on a revision to the filings, the Notice and attached exhibits were again filed on February 24, 2016, well within the 30-day requirement.[4]

## III. Applicable Legal Standard

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[5]

The court's removal jurisdiction is determined by examining the record as it stands when the notice of removal is filed.[6]

---

[1] See Dkt. 3.

[2] See Dkt. 6-2.

[3] See Dkt. 1.

[4] See Dkt. 6 and 28 U.S.C. § 1446(b)(1).

[5] *Dyche v. US Envtl. Servs., LLC*, 72 F. Supp. 3d 692 (E.D. Tex. 2014) *citing Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

## IV. Arguments and Authorities

### A. Federal Courts Have Jurisdiction Over TCPA Cases

Plaintiff does not contest that the federal courts have jurisdiction. In fact, he states in his Motion that "the state and federal courts have concurrent jurisdiction over claims (sic) TCPA claims.[7] As the Court in Bailey noted, "In *Mims v. Arrow Financial Services, LLC*, the Supreme Court overruled Chair King and changed the law in this Circuit. In a unanimous opinion, the Court held that a private TCPA cause of action arises under federal law for the purposes of 28 U.S.C. § 1331, and is subject to concurrent state- and federal-court jurisdiction."[8]

Further, Plaintiff's Petition states that he has filed suit based on an alleged violation of the TCPA, which on its face, and based on the case law he cites, shows that the case involves a federal question subject to the federal court's jurisdiction.

Therefore, jurisdiction in federal court is proper.

### B. The Removal Of The Case To Federal Court Was Proper

Again, Plaintiff has not contested the fact that the case was properly removed. Instead, his argument appears to hang on the fact that, because the courts have concurrent jurisdiction, he would like to litigate the matter in state court.

A party has 30 days from the date that both the summons and complaint were received to remove the case.[9] Defendant was served with citation on February 5, 2016.[10] Defendant initially filed its Notice of Removal on February 18, 2016.[11] Based on a revision to the filings, the Notice

---

[6] *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951), *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

[7] *Bailey v. Domino's Pizza, LLC*, 867 F.Supp 2d 835, 836-37 (E.D. La. 2012).

[8] *Id* at 839 citing *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 747 (2012).

[9] 28 U.S.C. § 1446(b)(1).

[10] See Dkt. 6-2.

[11] See Dkt. 1.

and attached exhibits were again filed on February 24, 2016, but still well within the 30-day requirement.[12]

Fora is also the only defendant in the suit, therefore there are no other defendants whose consent was necessary to effectuate the removal.

Finally, as is clear from the Court's docket, the proper notice was provided to the underlying state court of the removal of this action.

### C. Plaintiff's Claims Of Filing Fees And Necessity Of Attorneys Is Unfounded.

In Section 1 and 5 of Plaintiff's Motion, he asserts that he will incur higher filing fees and will be required to retain counsel if the case remains in federal court. This is not accurate. Since Fora filed the Notice of Removal, it paid the Court's filing fees, not Plaintiff. Plaintiff is acting pro se in this matter. He has shown no requirement that he is required to retain counsel to prosecute his claims simply because the case is in federal court.

### D. Plaintiff Has Failed To Provide A Basis For His Assertions

In Section 3 of Plaintiff's Motion he claims that TCPA cases are "commonly" heard in small claims courts. It is not clear from the Motion where this information was derived as there is no citation to case law or other type of study. However, even if Plaintiff could substantiate this claim, it has no impact on the fact that this Court has jurisdiction over the case and that Fora's Removal was proper. It simply shows that state and federal courts have concurrent jurisdiction over TCPA claims, which neither party denies.

In Section 4 of Plaintiff's Motion, he asserts that "federal courts should exercise due care" when they have concurrent jurisdiction with state courts, but does not cite any law for this proposition. Again, even if it was substantiated, it has no impact on the fact that this Court has jurisdiction over the case and that Fora's Removal was proper.

---

[12] See Dkt. 6 and 28 U.S.C. § 1446(b)(1).

### E. Plaintiff's Citation To The 'First To File' Rule Is Misplaced

In Section 5 of Plaintiff's Motion, he claims that he is entitled to remand the case under the 'first to file' rule. That rule has no bearing on this case. The parties to this suit were not 'racing to the courthouse' to determine where the suit would be had. Plaintiff is the only party asserting claims in this matter. If the 'First to File' rule prevailed in every suit in which only Plaintiffs assert claims, it would abolish the entire concept of removing cases to federal court, simply because Plaintiff filed a lawsuit in state court.

### V. Conclusion

Plaintiff has not contested the fact that this Court has jurisdiction over this case or that, procedurally, the case was properly removed. Defendant has shown that this Court does have jurisdiction over the case and that its notice of removal of the case from the state court was procedurally correct. Plaintiff has also cited no legal reason that this case cannot remain in in the present court.

Respectfully submitted this 4th day of March, 2016.

s/ C. Todd Hewes
C. Todd Hewes
Texas State Bar No. 24036773
todd.hewes@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH, LLP
2100 Ross Ave., Suite 2000
Dallas, Texas 75201
T: 214.722.7100
F: 214.722.7111
**Attorney for Defendant FORA Financial Holdings, LLC**

## CERTIFICATE OF SERVICE

I certify that a copy of this document was electronically filed on March 4, 2016, through the Court's CM/ECF system. Further, Defendant has provided a copy of this Response to Plaintiff by certified mail, return receipt requested and via e-mail as follows:

George Kenneth Schopp
1404 Springaire Lane
Lewisville, Texas 75077
gkschopp@aol.com

s/ C. Todd Hewes
C. Todd Hewes
