IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GEORGE KENNETH SCHOPP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:16CV128 |
| | § | |
| FORA FINANCIAL HOLDINGS, LLC, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff's Motion to Remand (Dkt. 7) and Defendant's response. Having reviewed the record before it, the Court finds that the motion should be DENIED.

On January 28, 2016, *pro se* Plaintiff George Kenneth Schopp ("Plaintiff") filed suit in the Denton County Justice of the Peace Court, Precinct 3, against Defendant FORA Financial Holdings, LLC. In Plaintiff's Original Petition, "Plaintiff seeks damages in the amount totaling $8,500 (eight thousand five hundred US Dollars) plus all court cost [sic] and attorney fees, if required, for violations under the Telephone Consumer Protection Act (TCPA) 47 USC-227." Dkt. 1-4 at 2.

On February 18, 2015, Defendant FORA Financial Holdings, LLC removed this case from the Denton County Justice of the Peace Court to the United States District Court for the Eastern District of Texas, Sherman Division. As grounds for removal, Defendant argued that this Court had federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) because it arises under the Telephone Consumer Protections Act, 47 U.S.C. § 227. Dkt. 1.

1

In his motion to remand, *pro se* Plaintiff argues that this case should be remanded to his choice of jurisdiction – the Justice of the Peace Court, Precinct 3, Denton County, Texas. *See* Dkt. 7. Plaintiff acknowledges that his claims are brought under a federal statute but argues that claims under the TCPA are "commonly heard in small claims courts" and that proceeding in this Court will involve the burdens of "higher court filing fees and the cost of legal representation." *Id.* at 1 and 2. Plaintiff also argues that, under the "first to file rule," his choice of forum should be given priority. *Id.* at 2.

Defendant has responded, arguing that there is proper removal jurisdiction here and that Plaintiff's remand arguments are meritless. The Court agrees that remand is not appropriate here.

**STANDARD**

A court must ensure there is subject matter jurisdiction over a removed action. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party has the burden of proof in demonstrating that removal to federal court is proper. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). To determine whether federal jurisdiction is proper, a court looks to the state court record at the time of removal. *Manguno*, 276 F.3d at 723. Because the removal statute should be construed strictly in favor of remand, any ambiguities are construed against removal. *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

**ANALYSIS**

Defendant properly removed this case based on federal question jurisdiction. A defendant may remove to federal district court under federal question jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of*

*Louisiana,* 522 U.S. 470, 118 S. Ct. 921, 924, 139 L. Ed.2d 912 (1998). *See* 28 U.S.C. § 1441(a). "The court must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Moore v. Bis Salamis, Inc.*, 748 F. Supp.2d 598, 601 (E.D. Tex. 2010) (internal quotations omitted).

Defendant has sustained its burden in establishing the Court's federal question jurisdiction here. On its face, Plaintiff's complaint alleges violations of the TCPA and seeks damages thereunder. *See* Dkt. 104 at 2 (citing 47 U.S.C. § 227). Indeed, Plaintiff's own motion to remand cites to and relies upon the federal statute giving rise to the Court's removal jurisdiction. Federal question jurisdiction was clear at the time of removal and remains undisputed. There is no ambiguity in the grounds for jurisdiction.

Further, the removal was timely made and otherwise in accordance with procedural rules. Plaintiff's "first to file" argument is irrelevant to a removed action. The fact that state and federal courts may have concurrent jurisdiction over his TCPA claims also does not divest the Court of federal question jurisdiction or preclude removal. *See Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 753, 181 L. Ed. 2d 881 (2012).

As to Plaintiff's complaints that proceeding here will cost him more, such are not factors in determining whether a removal was proper. And, in any event, Plaintiff was not required to pay for a filing fee in this District, nor is Plaintiff required to retain counsel. He may proceed *pro se* under the guidelines governing *pro se* litigants.

Plaintiff's Motion to Remand (Dkt. 7) should be DENIED, and the case should proceed in this Court.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 7th day of March, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE